IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-03031-PAB

In re:
DB CAPITAL HOLDINGS, LLC,

      Debtor.

ASPEN HH VENTURES, LLC

      Appellant,
v.

G.D.B.S at SNOWMASS, INC., WILLIAM DENNIS, REALTY FINANCIAL
RESOURCES, INC., O'BRYAN PARTNERSHIP, INC. as Petitioning Creditors and DB
CAPITAL HOLDINGS, LLC.,

      Appellees.

---

**ORDER**

---

    This matter comes before the Court on the plaintiff-appellant Aspen HH

Ventures, LLC's ("Aspen HH") appeal of the Bankruptcy Court's denial of its motion to

dismiss. For the reasons stated below, the Court dismisses the appeal.

## I. BACKGROUND

    Aspen HH seeks review of the Bankruptcy Court for the District of Colorado's

denial of its motion to dismiss an involuntary bankruptcy case filed against DB Capital

Holdings, LLC ("DB Capital") by the appellees as petitioning creditors. *See In re DB*

*Capital Holdings, LLC*, No. 10-25805-MER, Docket No. 90 (Bankruptcy Colo. November

29, 2010). The parties substantially agree about the facts underlying this appeal. DB

Capital is a Colorado limited liability company with two members: a Class A member,

Aspen HH, and a Class B member, Dancing Bear Development, L.P. ("DB Development").  DB Development is a Colorado limited partnership and its two partners are Thomas DiVenere and Fred Funk.  DB Capital is managed by a third-party manager, DB Management, LLC ("DB Management").  DB Management is owned and controlled by Mr. DiVenere, but it does not have a membership or other interest in DB Capital.

Before the involuntary bankruptcy that is the subject of this appeal, DB Management filed a voluntary Chapter 11 petition on behalf of DB Capital in the Bankruptcy Court for the District of Colorado, Case No. 10-23242-MER.  The Bankruptcy Court granted Aspen HH's motion to dismiss that action, finding that the Operating Agreement governing DB Capital's management precluded DB Management from filing for bankruptcy on DB Capital's behalf.  This decision was affirmed by the United States Bankruptcy Appellate Panel of the Tenth Circuit.  *See* Docket No. 14-1 at 4-15 (B.A.P. Appeal No. 10-46).

Shortly after the Bankruptcy Court dismissed the voluntary petition, creditors G.D.B.S. at Snowmass, Inc., William Dennis, Fred Funk,[1] Realty Financial Resources, Inc., and O'Bryan Partnership, Inc. (collectively the "petitioning creditors") filed an involuntary Chapter 11 petition against DB Capital.  Aspen HH filed another motion to dismiss, arguing that bona fide disputes existed as to the claims asserted by the

---

[1] Fred Funk initially joined the petitioning creditors in filing the involuntary case but withdrew from the case mid-stream.  *See* Docket No. 14 at 12 n.2.

petitioning creditors and that the involuntary petition was filed in bad faith.[2]  DB Capital

opposed the motion.  It also disputed Aspen HH's standing to be heard in the

Bankruptcy Court as it was not itself the alleged debtor.  The Bankruptcy Court found

that, although Aspen HH had standing to seek dismissal of the action, dismissal was

not appropriate.

Aspen HH now appeals the denial of its motion, arguing that the Bankruptcy

Court misapplied the relevant law in determining that the petitioning creditors' claims

were not subject to bona fide disputes and that it erred in finding that the involuntary

petition was not filed in bad faith.  The petitioning creditors and DB Capital (collectively

"appellees") argue that the Bankruptcy Court did not err in denying the motion to

dismiss.  Appellees also raise the preliminary issue of whether Aspen HH has standing.

## II.  DISCUSSION

As a threshold matter, appellees argue that Aspen HH lacks standing to bring

this appeal.  The Court agrees.  "[A]ppellate review of a bankruptcy court order is

limited to 'persons aggrieved' by that order."  *In re C.W. Mining Co.*, 636 F.3d 1257,

1260 (10th Cir. 2011) (quoting *Holmes v. Silver Wings Aviation, Inc.*, 881 F.2d 939, 940

(10th Cir. 1989)).  A "person aggrieved" is a party whose "rights or interests are 'directly

and adversely affected pecuniarily' by the decree or order of the bankruptcy court."

*Holmes*, 881 F.2d at 940 (quoting *Kane v. Johns-Manville Corp.,* 843 F.2d 636, 641-42

(2d Cir. 1988)).  The "person aggrieved" standard is "a prudential limitation, not an

---

[2] Aspen HH also requested that, in lieu of dismissal, the Bankruptcy Court suspend proceedings until the completion of a pending state receivership case involving DB Capital.

Article III limitation, making standing "'more stringent in bankruptcy appeals than the case or controversy standing requirement of Article III.'" *In re C.W. Mining*, 636 F.3d at 1261 n.5. (quoting *In re Alpex Computer Corp.*, 71 F.3d 353, 357 n.6 (10th Cir. 1995)). "[W]ithout such a requirement, bankruptcy litigation could easily 'become mired in endless appeals brought by a myriad of parties who are indirectly affected by every bankruptcy court order.'" *In re Krause*, 637 F.3d 1160, 1168 (10th Cir. 2011) (quoting *Holmes*, 881 F.2d at 940).

Aspen HH does not meet its burden of demonstrating that it is a "person aggrieved" by the Bankruptcy Court's denial of its motion to dismiss the involuntary petition. *See In re Amir*, 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010) (appellant bears burden of showing appellate standing). In addressing the standing issue, Aspen HH first argues that it has standing to appeal the Bankruptcy Court's order because the Bankruptcy Court found it had standing to file the motion to dismiss. However, the fact that the Bankruptcy Court allowed Aspen HH to file its motion to dismiss does not automatically give Aspen HH standing to appeal the Bankruptcy Court's order denying that motion. *See In re Thompson*, 965 F.2d 1136, 1141-42 (1st Cir. 1992) ("'[T]he fact that the appellants were given an opportunity to be heard in the bankruptcy court does not provide a basis for standing on appeal'") (quoting *In re Central Ice Cream Co.*, 62 B.R. 357, 360 (N.D. Ill. 1986)). The standards for standing to be heard before the Bankruptcy Court and to appeal the Bankruptcy Court's decision are distinct. Aspen HH argues that it has standing to appeal as a party in interest under 11 U.S.C. § 1112(b)(1). *See* 11 U.S.C. § 1112(b)(1) (allowing the bankruptcy court to dismiss a

4

case under Chapter 11 upon the request of a "party in interest").  But, even assuming that Aspen HH was a "party in interest," this does not make it a "person aggrieved" so as to give it appellate standing.  *See In re Westwood Community Two Assn, Inc.*, 293 F.3d 1332, 1336-37 (11th Cir. 2002) (entity's status as a party in interest entitled to appear in bankruptcy proceedings does not give it standing to appeal).  Moreover, the Bankruptcy Court did not find that Aspen HH had standing to move to dismiss the involuntary case as a statutory matter; rather, the Bankruptcy Court found it was within its discretion to allow Aspen HH to contest the involuntary proceedings and exercised its discretion to allow that filing.  *See In re DB Capital Holdings*, 10-25805-MER, Docket No. 90 at 3.

Next, Aspen HH argues that its pecuniary interests are adversely affected by the involuntary case, making it a person aggrieved by the Bankruptcy Court's decision to allow the case to proceed.  *See* Docket No. 20 at 8-10.  Aspen HH's only support for its status as a person aggrieved is its claim that the involuntary case violates DB Capital's Operating Agreement, thereby upending the expectations Aspen HH had when entering into that agreement.  Even assuming that the bankruptcy case violates the agreement, Aspen HH has not demonstrated how this breach directly impacts it pecuniarily.  *See Holmes*, 881 F.2d at 940.  Although Aspen HH vaguely states that "bankruptcy proceeding tend to be long drawn out affairs, which are very expensive to manage," Aspen HH does not explain how the Bankruptcy Court's order denying its motion in this instance has actually adversely affected its pecuniary interests.  *See* Docket No. 20 at

8.  Therefore, Aspen HH has not met its burden of demonstrating that it has standing to pursue this appeal, and the Court will dismiss the appeal for lack of standing.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Aspen HH Ventures, LLC's appeal is dismissed.

DATED July 28, 2011.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge